DEAVER SMITH, ADMINISTRATOR *v.* HARRY SMITH
ET AL.

DEAVER SMITH, CLAIMANT *v.* SAME

[Nos. 42 and 43, October Term, 1943.]

*Decided December 15, 1943.*

The causes were argued before SLOAN, C. J., DELA-
PLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and
BAILEY, JJ.

*William I. Gosnell,* with whom were *Nicholas & Gosnell* on the brief, for the appellant in both cases.

*Lottie Friedler* for the appellees in both cases.

ADAMS, J., delivered the opinion of the Court.

This appeal was intended to raise the question whether it was error for the Orphans' Court of Baltimore City to disallow a claim against the estate of Lottie Wilson in the amount of $624, and allow in lieu thereof the sum of $200.

The point in issue was decided by the said Orphans' Court after a hearing at which testimony was offered on both sides, but the court stenographer was not present, and there is no transcript of the testimony in the record, hence there is nothing before this court which could be the basis for determining the issue in the case, as the question is one of fact.

There appears in the record a certification by the Orphans' Court to the following effect:

"This is to certify that in pursuance of Section 497 of the Charter and Public Laws of Baltimore City, 1938, the Court advised both parties at the hearing of the above cause on May 25, 1943, that unless the testimony was taken down by the Court Stenographer they would in effect waive their right to appeal.

"Evidence was submitted by both sides but was not transcribed and no notice of the appeal was given to the Court until Counsel for the Administrator filed his order for Appeal.

"August 5th, 1943.

"Philip L. Sykes,
"Samuel Lasch,
"Judges."

Appellants deny that they waived their right of appeal, contending that in a plenary proceeding before the Orphans' Court it is not possible to do so. It was admitted in the course of the argument in the Court of Ap-

peals by counsel for the appellant that at the hearing before the Orphans' Court both sides waived the court stenographer's services. The Charter and Public Local Laws of Baltimore City, 1938, in Section 497, provides: "The Judges of the Orphans' Court of the City of Baltimore are authorized and directed to appoint a Stenographer for that Court, who shall be a sworn officer of the Court, but shall be required to attend the sessions of such Court only when specially summoned by the presiding judge therefor. * * * In any proceding in said Court in which either party shall give notice that in the event of a decision of said court, adverse to the claim of such party, an appeal will be taken to the Court of Appeals, the presiding judge of the Court shall require the attendance of the Stenographer, whose duty it shall be in such proceedings to take full stenographic notes of all oral proofs and judicial opinions orally delivered; * * *."

It is quite clear from the aforegoing section that counsel may waive the attendance of the court stenographer, and there is no doubt that it was done in this case when it was heard by the Orphans' Court.

There being nothing before this court which could form the basis for a decision of the issue raised, motion for dismissal of the appeal will be granted.

*Appeal dismissed in both cases, with costs to appellee.*